# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Walter Hoskins, III,

                 Petitioner,       Case No. 15-cv-13530
                                      Hon. Judith E. Levy
v.                                       Mag. Judge Anthony P. Patti

J. A. Terris,

                 Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS FILED PURSUANT TO 28 U.S.C. § 2241 AND ORDERING THAT THE CASE BE TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Walter Hoskins, III, ("Petitioner"), who is incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1.) He challenges his conviction and sentence out of the U.S. District Court for the Northern District of Iowa, where he was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and

his sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

For the reasons set forth, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied, and it is ordered that the Clerk of Court transfer this matter to the United States Court of Appeals for the Eighth Circuit for a determination as to whether Petitioner is entitled to a certificate of authorization permitting him to file his petition as a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

## I.    Background

Petitioner was convicted of being a felon in possession of a firearm in the United States District Court for the Northern District of Iowa. Because Petitioner had previously been convicted four times in the state courts for various drug offenses, his sentence was enhanced under the ACCA and he was sentenced to 235 months in prison.  *See United States v. Hoskins*, 256 F. App'x 896, 897 (8th Cir. 2007).  Petitioner's conviction was affirmed on appeal.  *Id.*

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which the sentencing judge denied. *Hoskins v. United States,*

2

No. 08-cv-2046; 05-cr-2035 (N.D. Iowa May 2, 2011); *appeal dismissed* No. 11-2312 (8th Cir. Aug. 22, 2011).

Petitioner has since filed two petitions for writ of habeas corpus, and both have been denied. *Hoskins v. Coakley*, No. 13-cv-1632, 2014 U.S. Dist. LEXIS 7671, at *18 (N.D. Ohio Jan. 22, 2014); *Hoskins v. Rios*, No. 12-cv-1046, 2013 U.S. Dist. LEXIS 20627, at *11 (C.D. Ill. Feb. 15, 2013). An appeal from the later-filed habeas case was dismissed by the Sixth Circuit on August 26, 2015, Petitioner filed a motion for rehearing *en banc*, and that motion was denied on February 19, 2016. *Hoskins v. Coakley,* No. 14-3439 (6th Cir. filed May 5, 2014). Petitioner also attempted to file a second motion to vacate sentence, which was dismissed because Petitioner had not received permission from the Eighth Circuit to file a successive motion to vacate. *Hoskins v. United States,* 14-cv-02040; 05-cr-02035 (N.D. Iowa June 27, 2014).

In this petition, Petitioner argues that his prior state court drug convictions no longer qualify as "serious drug offenses" for purposes of the sentencing enhancement provisions of the ACCA, in light of the United States Supreme Court decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015). The Court held that imposing an increased sentence

under the residual clause of the ACCA violates the Due Process Clause.
*Id.* at 2558.   Petitioner seeks to have his sentence vacated or set aside
on this basis.

## II.   Discussion

A petition for a writ of habeas corpus must set forth facts that give
rise to a cause of action under federal law or it may summarily be
dismissed.   *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D.
Mich. 2001).   And federal courts are authorized to dismiss any habeas
petition that appears legally insufficient on its face.   *McFarland v.
Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th
Cir. 1999) (citing Rule 4 of the Rules Governing § 2254 Cases).

The Sixth Circuit long ago indicated that they "disapprove the
practice of issuing a show cause order [to the respondent] until after the
District Court first has made a careful examination of the petition." *See
Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970).   A district court
therefore has the duty to screen any habeas corpus petition which lacks
merit on its face.   *Id.* at 141.   No return to a habeas petition is
necessary when the petition is frivolous, or obviously lacks merit, or
where the necessary facts can be determined from the petition itself

without consideration of a return by the state.  *Id.*  That is the case here, and the petition is summary dismissed because it is facially insufficient to grant habeas relief. *See Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it "appears that the remedy" afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).  Habeas corpus is not an additional, alternative, or supplemental remedy to those prescribed under § 2255.  *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with Petitioner, and the fact that a prior motion to vacate sentence proved unsuccessful does not necessarily meet that burden.  *See In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

And the fact that the Antiterrorism and Effective Death Penalty Act ("AEDPA") might prevent Petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, does not

render the remedy provided by such motion inadequate or ineffective such that he may file the § 2241 petition. *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective are narrow. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Petitioner claims that he is actually innocent because his prior drug convictions do not qualify as serious drug offenses that would permit them to serve as predicate felony convictions under the ACCA. But under Sixth Circuit precedent, Petitioner's sentencing claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition. *See Anderson v. Snyder-Norris*, No. 15-cv-57-HRW, 2015 U.S. Dist. LEXIS 116884, at *10 (E.D. Ky. Sep. 2, 2015) ("[T]he Sixth Circuit has repeatedly held (and in no uncertain terms): 'Claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241.'") (citing cases).

Petitioner does not allege or argue that he is innocent of the underlying state court convictions. Because the Supreme Court's decision in *Johnson* established a new substantive rule of constitutional

6

law, the appropriate proceeding is to challenge the sentencing enhancement under § 2255 rather than under § 2241. *Id.* at *14. And to do so, Petitioner must first seek leave from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion. *Id.* If the Eighth Circuit determines that the Supreme Court in *Johnson* established a new substantive rule of constitutional law that applies retroactively, Petitioner can then bring his retroactive *Johnson* challenge in a successive § 2255 motion in the Iowa district court where he was sentenced. *Id.*

The proper procedure in a case such as this—when a federal prisoner has previously filed a § 2255 motion to vacate sentence and subsequently files a petition for writ of habeas corpus under § 2241—is to deny relief on the § 2241 petition then transfer the matter to the appropriate court of appeals for a decision on whether Petitioner may file a successive motion or petition. *See Hervey v. United States*, 105 F. Supp. 2d at 735 n.1 (*citing In Re Genoa*, U.S.C.A. 99-2046 (6th Cir. Dec., 1999); *see also In Re Hanserd*, 123 F. 3d 922, 934 (6th Cir. 1997) (also citing 28 U.S.C. § 1631).

Here, Petitioner was convicted in the Northern District of Iowa, which is located in the Eighth Circuit. Because Petitioner cannot file another motion to vacate sentence without permission from the Eighth Circuit, it is in the interests of justice that this case be transferred to the Eighth Circuit for a determination of whether Petitioner can file a second or successive motion to vacate his sentence. *See United States v. White,* 53 F. Supp. 2d 976, 980 (W.D. Tenn. 1999).

## III. Conclusion

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied. Petitioner need not apply for a certificate of appealability with this Court or the Sixth Circuit before filing an appeal from this decision. *See Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004).

The Clerk of Court shall transfer this case to the United States Court of Appeals for the Eighth Circuit to determine whether Petitioner can file a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: April 14, 2016                s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY

8

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2016.


s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

9